**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7227**

_____

ROBERT DALE SMART,

                    Petitioner - Appellant,

          v.

SOUTH CAROLINA DEPARTMENT OF PROBATION PAROLE AND PARDON
SERVICES,

                    Respondent - Appellee,

          and

SOUTH CAROLINA, STATE OF,

                    Respondent.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  G. Ross Anderson, Jr., Senior
District Judge.  (2:13-cv-03621-GRA)

_____

Submitted:  October 16, 2014          Decided:  October 22, 2014

_____

Before MOTZ, WYNN and THACKER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Robert Dale Smart, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Dale Smart seeks to appeal the district court's order accepting the recommendation of the magistrate judge, treating his motion filed under Federal Rules of Civil Procedure 59(e) and 60(b) and 28 U.S.C. § 2241 (2012) as a successive 28 U.S.C. § 2254 (2012) petition, and dismissing it as unauthorized. Smart also seeks to appeal the district court's order denying reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

2

We have independently reviewed the record and conclude that Smart has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Smart's notice of appeal and informal brief as an application to file a second or successive § 2254 petition. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2012). Smart's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED